The opinion of the Court was delivered by
Wardlaw, Ch.
The will of David Boozer contains the following clause: “I desire my executors to enclose a grave-yard at *23 Aveleigli Church, from 45 to 50 yards square, with a wall of split rock from 4-|- to 5 feet high, so as to enclose the grave of my first wife, as well as my own, with sufficient space also for the grave of my present wife; and to erect over the area included by the wall, a covered wooden building of the most lasting materials, to be finished and painted in appropriate style, and in the most endurable manner. And I appropriate one thousand dollars out of my estate to these purposes.”
The' Chancellor on the circuit determined, in the construction of this clause, that the grave-yard intended to be inclosed was one of forty-five or fifty yards square, and that the wooden building intended was not commensurate, but one sufficient to cover a space or area adequate for the three graves indicated; and he ordered the Commissioner to inquire and report as to the probable cost of inclosing such a grave-yard and erecting such a building.
The Commissioner, not pursuing exactly the terms of the order, has reported that an area of 45 or 50 yards square could not be inclosed with stone and covered by a wooden building for less than $4,600; and that an area of 45 or 50 feet square could be inclosed and covered as directed by the will for $900 or $1,000.
Erom the decree of the Chancellor an appeal is taken to this Court, on the ground that by the just construction of the will, 45 or 50 feet square, instead of yards, should be inclosed by a stone wall, and the whole area included within the wall be covered by a wooden building.
According to the natural construction of the terms employed by the testator, the wooden building is to cover the whole space within the wall of split rock. “ Over the area included by the wall,” as fully and accurately expresses this idea as any terms that could be employed. And we .can perceive no intimation of any intention on the part of the testator to limit the area to be covered, to a part or section only included by the wall.
This is one circumstance which aids us in ascertaining the testator’s intention as to tho extent of the grave-yard to be inclosed by the wall. A structure sufficiently extensive to cover three *24 graves is frequently found within rural grave-yards; but one lai’ge enough to cover 45 or 50 yards square, or half an acre, is without example; it would be most ungainly, and would exhaust, several times over, the amount of the fund appropriated by the testator for this purpose, and which cannot be exceeded by the executor.
The testator explains his purpose in inclosing a grave-yard with a wall to be, in his own language, “ so as to inclose the grave of my first wife, as well as my own, with sufficient space also for the grave“of my present wife.” His design was to separate a place of sepulture for the bodies, when dead, of himself, and his consorts dead and living. If he really intended to inclose half an acre with the wall, his careful provision for 4 sufficient sqiace ’ to receive a third corpse, was utterly without occasion and meaning.
One phrase in the testator’s directions to his executors in this matter, if the exact order of his words be observed, is inconsistent with all the rest of his directions. One particular in the description of the grave yard is, that it is to be ‘from 45 to 50 yards square.’ The construction of a written instrument should be made from all its parts; and if one phrase descriptive of the subject of disposition be irreconcilable with several other parts of the description, we should act on the maxim : ex multitudine signorum, eolligitur identitas vera. If we should strike out the whole of this phrase as ‘falsa demonstration the other portions of the bequest would be harmonious, and leave the testator’s meaning beyond doubt. But a less violent process will serve the purpose. It is only necessary to transpose the words ‘yards square,’ to give consistency and full operation to the whole clause. If we correct a supposed inadvertence of the scribe, and read square yards, we shall then have a space of about twenty-one feet square, to be inclosed by a stone wall and covered by a wooden building; and this will afford sufficient space for throe graves; and the wall and building may bo erected for the sum appropriated for the same by the testator. ‘ It is quite clear, that where a clause or expression, otherwise senseless and contradictory, can be rendered consistent with the context, by being transposed, the Courts are warranted in *25 making tbat transposition.’ (1 Jarm. on "Wills, 437; 2 Ves. sen. 32, 248.)
It is declared and adjudged, tbat tbe testator directed bis executors to inclose with a stone wall a grave-yard of from 45 to 50 square yards; and to erect over tbe area included by tbe wall a covered wooden building, further described in tbe will. And it is ordered and decreed, that tbe Chancellor’s decree be modified accordingly.
Dunicin and Daugan, CC. concurred.

Decree, modified.